From Homer L. Kreider, Harrisburg, Pa.

## Purchase of Supplies by Commonwealth

SCHNADER, Attorney General, April 11, 1932.—You have inquired whether there is any constitutional or statutory provision prohibiting a member of the legislature from selling supplies to a state institution.

Article three, section twelve, of the Constitution is as follows:

"All stationery, printing, paper and fuel used in the legislative and other departments of government shall be furnished, and the printing, binding and

distributing of the laws, journals, department reports, and all other printing and binding, and the repairing and furnishing the halls and rooms used for the meetings of the General Assembly and its committees, shall be performed under contract to be given to the lowest responsible bidder below such maximum price and under such regulations as shall be prescribed by law; no member or officer of any department of the government shall be in any way interested in such contracts, and all such contracts shall be subject to the approval of the Governor, Auditor General and State Treasurer."

Section 516 of The Administrative Code of 1929 (Act of April 9, 1929, P. L. 177) is as follows:

"No member or officer of any department of the government shall be in any way interested in any contract for furnishing stationery, printing paper, fuel, furniture, materials, or supplies, to the State Government, or for the printing, binding, and distributing of the laws, journals, department reports, or any other printing and binding, or for the repairing and furnishing the halls and rooms used for the meetings of the General Assembly and its committees."

You will observe that article three, section twelve, of the Constitution is narrower in its effect than section 516 of The Administrative Code. The constitutional provision applies only to contracts for stationery, printing, paper, fuel, printing and binding, and the repairing and furnishing of the halls and rooms used for the meetings of the general assembly and its committees. The Administrative Code, on the other hand, includes in addition furniture, materials, and supplies.

In our opinion, the words "no member or officer of any department of the government" apply to members or officers of the legislature as well as to members or officers of the executive or judicial departments of the government. We interpret the words "any department," as used in article three, section twelve, of the Constitution, as applying to any one of the three coördinate branches of the government—legislative, executive, and judicial.

Therefore, a member of the legislature cannot make or be otherwise interested in a contract to sell to the state stationery, paper, fuel, furniture, materials, supplies, printing or binding, or make or be interested in any contract for repairing and furnishing the halls and rooms used for the meetings of the general assembly.

The fact that The Administrative Code of 1929 applies exclusively to the conduct of the executive and administrative work of the Commonwealth by the executive department thereof, does not in any way affect our opinion as already expressed. The limitation contained in section 516 is upon the action of executive officers in entering into contracts of certain kinds. It is true that members and officers of the legislature and of the judiciary are affected; but the regulation is primarily binding upon the executive department in limiting the scope of its action in awarding contracts.

We are not obliged, in order to answer your question, to construe the meaning of the word "member" as applied to the executive branch of the government. Whether or not an ordinary employe is a member of the executive branch of the government, it is not necessary now to decide; but without deciding the question, it is clear that the spirit, if not the letter, of section 516 of The Administrative Code forbids any employe of the state from being interested in any contract for the sale to the Commonwealth of any of the articles specified.

From C. P. Addams, Harrisburg, Pa.